

**Signed and Filed: February 21, 2006**

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MACCON MASONRY MATERIALS, INC.,<br><br>　　　　　　　Debtor.<br>_____<br>CHARLES E. SIMS,<br>　　　　　　　Plaintiff,<br>　　vs.<br><br>MAGDAVE ASSOCIATES, INC.,<br><br>　　　　　　　Defendant.<br>_____ | Case No: 04-32122-TC<br><br>Chapter 7<br><br><br>Adv. Proc. No. 05-3245<br><br><br><br><br>Date: February 3, 2006<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>　　　235 Pine Street<br>　　　San Francisco, CA |

**MEMORANDUM RE MOTION TO SET ASIDE DEFAULT JUDGMENT**

The court held a hearing at the above date and time on Defendant's motion to set aside default judgment. Charles P. Maher appeared for Plaintiff. Ori Katz appeared for Defendant. Based on the pleadings filed in this proceeding, the arguments of counsel at

MEMORANDUM RE MTN TO SET
ASIDE DEFAULT JUDGMENT
-1-

the hearing, for the reasons stated in this memorandum, and good cause appearing therefor, the court denies Defendant's motion.

FACTS

Early in 2002, Defendant was selected by the City of Hawyard as the contractor for building a soundwall at the Hayward Airport. Debtor was a subcontractor selected by Defendant to supply blocks for building the soundwall. Debtor supplied the blocks for the wall. Defendant did not pay for them.

In February 2005, Plaintiff, the Trustee for Debtor's chapter 7 bankruptcy case, filed his complaint for account stated, labor rendered and breach of contract, seeking to recover from Defendant $33,076.88. This sum represents the goods supplied by Debtor to Defendant but not paid for (blocks, mortar mix, molds), plus simple interest. Defendant did not file a timely response to the complaint. On April 13, 2005, the Clerk entered Defendant's default.

On June 24, 2005, the court held a status conference in this proceeding. At the status conference, Defendant's principal appeared without counsel and made assertions that led the court to believe that Defendant had a complete defense to this action. Defendant's principal asserted, for example, that Defendant was not paid by the City of Hayward on the airport soundwall project due wholly or in part to Debtor leaving a large number of blocks at the jobsite after the project was completed. Defendant's principal also asserted that Defendant had expended considerable sums removing and storing the blocks, and that Defendant had incurred additional expense when Debtor caused damage to the storage facility when it finally removed the blocks from storage.

**MEMORANDUM RE MTN TO SET
ASIDE DEFAULT JUDGMENT**

-2-

Defendant is a corporation.  In this district, a corporation is barred from representing itself in an adversary proceedings.  There are no exceptions to this local rule.  To enable this proceeding to be resolved on the merits, the court entered an order giving Defendant until October 21, 2005 to engage counsel.  The reason the court gave Defendant four months to find counsel is that Defendant's principal represented that Defendant lacked funds to pay for counsel, and would need someone to represent the corporation pro bono.

Defendant searched for counsel but did not find counsel who would represent Defendant pro bono.  Accordingly, the court extended the deadline to find counsel to December 19, 2005.  The court then engaged in efforts to assist Defendant in finding pro bono counsel, including contacting a Hastings law professor, who kindly took it upon herself to send an e-mail to graduates of the Hastings Civil Justice Clinic.  On or around the second deadline to retain counsel, Mr. Katz received this e-mail and performed a conflicts check to see whether his firm could agree to represent Defendant.  The court very much appreciates the willingness of Mr. Katz and his firm to represent Defendant.

On December 21, 2005, before Mr. Katz made an appearance in this proceeding, and after the second deadline to retain counsel had passed, the court entered default judgment against Defendant.

On December 23, 2005, Mr. Katz filed a Motion to Set Aside Default Judgment.  Plaintiff opposed the Motion, arguing that Defendant lacked a meritorious defense, and that Defendant's conduct had prejudiced Plaintiff by delaying the administration of the estate and increasing the costs to the estate.  Plaintiff asked

the court to deny the Motion to Set Aside, arguing that granting
the requested relief would serve no purpose other than to further
delay administration of the estate.  In light of Plaintiff's
opposition, the court continued the hearing on Defendant's Motion,
and ordered Defendant to supplement the record with evidence
supporting Defendant's allegedly meritorious defense.

In support of its Motion, Defendant lodged a proposed answer
to the complaint, which asserts eight defenses and a reservation of
rights to assert further defenses.  Defendant also filed a
supplemental declaration by its principal and 26 exhibits.  This
evidence shows that Defendant has a right to offset some of the
payments owing to Debtor, based on Debtor's overdelivery of
approximately 900 blocks totaling $3,243.  There is no evidence
quantifying Defendant's expenses related to removing and storing
the excess bricks.  There is no evidence that Defendant was not
paid by the City on account of the blocks purchased from Debtor and
left behind at the jobsite.  Rather, the evidence shows that the
City of Hayward paid Defendant $96,619 of the amount owing to
Defendant for the project at issue, and that the City held back
only $2,740.50 owing to Defendant on the project.  There is no
evidence that there are other amounts owing to Defendant on the
project that the City has refused to pay.

LAW

Three factors govern whether a default judgment should be
vacated: (1) whether Defendant's culpable conduct led to the
default; (2) whether Defendant has a meritorious defense; and
(3) whether reopening the default judgment would prejudice
Plaintiff.  E.g., TGI Group Life Ins. Plan v. Knoebber, 244 F.3d

**MEMORANDUM RE MTN TO SET**
**ASIDE DEFAULT JUDGMENT**

-4-

691, 696 (9th Cir. 2001). This test is disjunctive, meaning that finding the presence of any one of these factors justifies denial of a motion to vacate a default judgment. E.g., Hammer v. Drago, 940 F.2d 524, 526 (9th Cir. 1991). Doubts should be resolved in favor of setting a default judgment aside. Civic Center Square, Inc. v. Purina Mills (In re Roxford Foods, Inc.), 12 F.3d 875 (9th Cir. 1993).

There is nothing in the record to suggest culpable conduct by Defendant or prejudice to Plaintiff. There is no evidence that Defendant deliberately failed to obtain counsel to gain a litigation advantage, or that reopening the default judgment would prejudice Plaintiff by, for example, lost evidence or increased discovery difficulties. TGI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001).

The court finds, however, that Defendant does not have a meritorious defense. The evidence Defendant provided to support its defense is very different from the evidence that would be required to prevail on the asserted defenses. The Defendant was only able to establish a defense for ten percent of the default judgment, based on blocks delivered by Defendant and not ordered by Plaintiff. While Defendant is entitled to an offset for this sum, it is appropriate to condition setting aside the judgment as to this amount on Defendant's payment of Plaintiff's reasonable attorneys fees in obtaining the default judgment, and in opposing Defendant's efforts to set it aside. Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546 (9th Cir. 1988). Because the reasonable attorneys fees that the court would award to Plaintiff as a condition for partially setting

**MEMORANDUM RE MTN TO SET**
**ASIDE DEFAULT JUDGMENT**

-5-

aside the judgment are likely greater than the amount by which the judgment should be reduced, the court denies Defendant's Motion.

**\*\*END OF MEMORANDUM\*\***

## Court Service List

Charles P. Maher, Esq.
Luce, Forward, Hamilton and Scripps
121 Spear Street, Suite 200
San Francisco, CA 94105

Diana L. Donabedian, Esq.
Luce, Forward, Hamilton and Scripps
121 Spear Street, Suite 200
San Francisco, CA 94105

Ori Katz, Esq.
Sheppard, Mullin, Richter & Hampton
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111

Charles E. Sims
P.O. Box 1247
Sonoma, CA 95476

Office of the U.S. Trustee
235 Pine Street
Suite 700
San Francisco, CA 94104